■ In the Matter of the Claim of JAMES C. DAILEY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1981, which ruled that claimant was ineligible to receive unemployment benefits during the summer recess between successive academic years because he had a reasonable assurance of continuing to perform such services in the next academic year (Labor Law, § 590, subd 10). During the school year ending June 19, 1981, claimant, a certified school social worker, had been employed in

that capacity by the Wayne Finger Lakes Board of Cooperative Educational Services to provide social services to two school districts. Earlier that month he had been approved, and accepted an appointment, for the 1981-1982 academic year as a school social worker in the Victor Central School District, one of the two districts he had been serving. Claimant contends that the counseling and consultation he furnishes is dissimilar from that provided by certified teachers, and, therefore, is not instructional in nature; hence he has been improperly found ineligible to receive benefits. We affirm. Given the admitted fact that the services claimant rendered consisted of counseling students, from kindergarten through twelfth grade, regarding school-related problems which interfered with the students' learning process, and referrals to him of students for counseling were generally made by the school's personnel, we cannot say that the board's conclusion that those services were "instructional" is either unsupported by the evidence or irrational. Furthermore, we note that even if claimant's services be viewed as noninstructional, he still would be ineligible for benefits by virtue of subdivision 11 of section 590 of the Labor Law (see *Matter of La Mountain [Westport Cent. School Dist. — Ross]*, 51 NY2d 318). Decision affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.